## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | ) Case No. 13-34910-GFK |
| | ) |
| Von Ro Corporation, | ) Chapter 7 |
| | ) |
| Debtor. | ) |
| | ) |
| Stephen J. Creasey, Trustee, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Adversary Case No. 14-03162 |
| | ) |
| Mark J. Mimbach; | ) |
| M.J. Mimbach, Inc.; | ) |
| Spire Credit Union fka Greater Minnesota | ) |
| Credit Union; and | ) |
| John Doe 1-x, Jane Doe 1-x, ABC Corporation, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### DEFENDANT SPIRE CREDIT UNION'S ANSWER TO COMPLAINT OF STEPHEN J. CREASEY, TRUSTEE

Defendant Spire Credit Union fka Greater Minnesota Credit Union ("SPIRE") hereby answers the Complaint ("Complaint") filed by Stephen J. Creasey, Trustee ("PLAINTIFF") as follows:

### ANSWER

### PARTIES

1.    SPIRE admits the allegations in Paragraph 1 of the Complaint

2.    SPIRE admits the allegations in Paragraph 2 of the Complaint.

3.    SPIRE admits the allegations in Paragraph 3 of the Complaint.

4.      SPIRE lacks sufficient information or belief to enable it to answer Paragraph 4 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

5.      SPIRE lacks sufficient information or belief to enable it to answer Paragraph 5 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

6.      SPIRE states that no response is required to Paragraph 6 of the Complaint.

7.      SPIRE states that no response is required to Paragraph 7 of the Complaint.

8.      SPIRE denies the allegations in Paragraph 8 of the COMPLAINT.   SPIRE affirmatively states that it is a state chartered credit union with its principal place of business located at 2025 Larpenteur Avenue W., Falcon Heights, MN 55113.  SPIRE further states that it is the success by way of merger to Greater Minnesota Credit Union.

9.      SPIRE states that no response is required to Paragraph 9 of the Complaint. SPIRE affirmatively states that its interest in the property sought to be recovered by PLAINTIFF is prior and superior to any interest calimed by Defendants John Doe 1-x, Jane Doe 1-x, and ABC Corporation.

10.      SPIRE lacks sufficient information or belief to enable it to answer Paragraph 10 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

11.      SPIRE admits the allegations in Paragraph 11 of the Complaint.

**JURISDICTION, JUDICIAL AUTHORITY AND VENUE**

12.      SPIRE admits the allegations in Paragraph 12 of the Complaint.

13.      SPIRE admits the allegations in Paragraph 13 of the Complaint.

14.     SPIRE admits the allegations in Paragraph 14 of the Complaint.

15.     SPIRE states that no response is required to Paragraph 15 of the Complaint.

## FACTS

16.     SPIRE admits the allegations in Paragraph 16 of the Complaint.

17.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 17 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

18.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 18 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

19.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 19 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

20.     SPIRE admits the allegations in Paragraph 20 of the Complaint.

21.     SPIRE admits the allegations in Paragraph 21 of the Complaint.

22.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 22 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

23.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 23 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

24.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 24 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

25.     SPIRE admits the allegations in Paragraph 25 of the Complaint.

26.     SPIRE admits the allegations in Paragraph 26 of the Complaint.

27.     SPIRE admits the allegations in Paragraph 27 of the Complaint. SPIRE affirmatively states that it was identified as the first secured party on the certificate of titles for some vehicles; for other vehicles where no certificate of title had been issued SPIRE had possession of the certificates of origin until the vehicle was sold and a certificate of title issued. SPIRE further states that it also was granted a security interest in additional collateral including, but not limited to, accounts receivable, inventory and equipment.

28.     SPIRE admits the allegations in Paragraph 28 of the Complaint.  SPIRE affirmatively states that the Debtor' difficulty in maintaining the required payments began prior to October 2011.

29.     SPIRE admits the allegations in Paragraph 29 of the Complaint.

30.     SPIRE admits the allegations in Paragraph 30 of the Complaint.

31.     SPIRE admits the allegations in Paragraph 31 of the Complaint.

32.     SPIRE admits the allegations in Paragraph 32 of the Complaint.

33.     SPIRE admits the allegations in Paragraph 33 of the Complaint. SPIRE further states that Debtor made a proposal to modify the terms of the Forbearance Agreement on September 3, 2013.

34.     SPIRE admits the allegations in Paragraph 34 of the Complaint.

35.     In response to Paragraph 35 of the Complaint SPIRE admits that on September 4, 2013 its representative inspected the Debtor's premises in Mora, Minnesota for the purpose of verifying the Debtor's vehicle inventory.   SPIRE further admits that it prepared a written list. SPIRE denies that 22 vehicles were identified on the list.   SPIRE affirmatively states that the list identified 53 vehicles, trailers or other equipment that were found on the Debtor's premises. SPIRE denies that Exhibit A is a copy of the list.   SPIRE further asserts that Exhibit A is a list of the 14 vehicles that were removed from the Debtor's lot between September 4, 2013 and September 18, 2013.

36.     SPIRE admits the allegations in Paragraph 36 of the Complaint.

37.     SPIRE admits the allegations in Paragraph 37 of the Complaint.

38.     In response to Paragraph 38 of the Complaint, SPIRE admits that 14 vehicles were removed from Debtor's lot between September 4, 2013 and September 18, 2013.   SPIRE further admits that Exhibit A identifies the 14 missing vehicles.   SPIRE denies the remaining allegations contained in Paragraph 38 of the Complaint.

39.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 39 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

40.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 40 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

41.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 41 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

42.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 42 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

43.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 43 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

44.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 44 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

45.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 45 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

46.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 46 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

47.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 47 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

48.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 48 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

49.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 49 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

50.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 50 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

51.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 51 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

52.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 52 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

53.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 53 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

54.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 54 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

55.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 55 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

56.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 56 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

57.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 57 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

58.     SPIRE admits the allegations in Paragraph 58 of the Complaint.

59.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 59 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

60.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 60 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

61.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 61 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

62.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 62 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

63.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 63 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

64.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 64 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

65.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 65 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

66.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 66 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

67.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 67 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

68.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 68 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

69.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 69 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

70.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 70 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

71.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 71 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

72.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 72 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

73.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 73 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

74.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 74 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

## COUNT I
## (AGAINST ALL DEFENDANTS)
## DETERMINATION OF THE VALIDITY, PRIORITY
## OR EXTENT OF LIEN OR OTHER INTEREST IN PROPERTY

75.     In response to Paragraph 75 of the Complaint, SPIRE restates its responses in the preceding paragraphs as though fully restated herein.

76.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 76 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

77.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 77 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

78.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 78 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

79.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 79 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

80.     SPIRE admits the allegations in paragraph 80 of the Complaint.   SPIRE affirmatively states that it has a valid duly perfected security interest in all vehicles that are property of the bankruptcy estate.

81.     SPIRE admits the allegations in paragraph 81 of the Complaint.   SPIRE affirmatively states that it has a valid duly perfected security interest in all vehicles that are property of the bankruptcy estate.

82.     SPIRE states that no response is required to Paragraph 82 of the Complaint.

83.     SPIRE states that no response is required to Paragraph 83 of the Complaint.  To the extent a response is required, SPIRE affirmatively states that it has a valid duly perfected security interest in all vehicles that are property of the bankruptcy estate.

**COUNT II**
**(AGAINST THE MIMBACH DEFENDANTS)**
**TURNOVER AND ACCOUNTING OF PROPERTY OF THE ESTATE**

84.     In response to Paragraph 84 of the Complaint, SPIRE restates its responses in the preceding paragraphs as though fully restated herein.

85.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 85 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

86.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 86 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

87.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 87 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

88.     SPIRE states that no response is required to Paragraph 88 of the Complaint.

**COUNT III**
**(AGAINST THE MIMBACH DEFENDANTS)**
**AVOIDANCE OF TRANSFERS OF**
**PROPERTY OF THE ESTATE 11 U.S.C. § 544(a)**

89.     In response to Paragraph 89 of the Complaint, SPIRE restates its responses in the preceding paragraphs as though fully restated herein.

90.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 90 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

91.     In response to Paragraph 91 of the Complaint, SPIRE admits that it had a security interest in all of Debtor's inventory and further admits that it would assert its lien on any collateral the Debtor purchased for its inventory.  SPIRE lacks sufficient information or belief to enable it to answer the remaining allegations contained in Paragraph 91 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

92.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 92 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

93.      SPIRE lacks sufficient information or belief to enable it to answer Paragraph 93 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

94.      SPIRE lacks sufficient information or belief to enable it to answer Paragraph 94 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

95.      SPIRE lacks sufficient information or belief to enable it to answer Paragraph 95 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

96.      SPIRE states that no response is required to Paragraph 96 of the Complaint.

**COUNT IV**
**(AGAINST THE MIMBACH DEFENDANTS)**
**AVOIDANCE OF PREFERENCE**
**11 U.S.C. § 547**

97.      In response to Paragraph 97 of the Complaint, SPIRE restates its responses in the preceding paragraphs as though fully restated herein.

98.      SPIRE lacks sufficient information or belief to enable it to answer Paragraph 98 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

99.      SPIRE lacks sufficient information or belief to enable it to answer Paragraph 99 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

100.      SPIRE lacks sufficient information or belief to enable it to answer Paragraph 100 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

101.    SPIRE lacks sufficient information or belief to enable it to answer Paragraph 101 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

102.    SPIRE lacks sufficient information or belief to enable it to answer Paragraph 102 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

103.    SPIRE lacks sufficient information or belief to enable it to answer Paragraph 103 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

104.    SPIRE states that no response is required to Paragraph 83 of the Complaint.

**COUNT V
(AGAINST THE MIMBACH DEFENDANTS)
AVOIDANCE OF PREFERENCE
11 U.S.C. § 547**

105.    In response to Paragraph 105 of the Complaint, SPIRE restates its responses in the preceding paragraphs as though fully restated herein.

106.    SPIRE lacks sufficient information or belief to enable it to answer Paragraph 106 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

107.    SPIRE lacks sufficient information or belief to enable it to answer Paragraph 107 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

108.    SPIRE lacks sufficient information or belief to enable it to answer Paragraph 108 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

109.    SPIRE lacks sufficient information or belief to enable it to answer Paragraph 109 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

110.    SPIRE lacks sufficient information or belief to enable it to answer Paragraph 110 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

111.    SPIRE states that no response is required to Paragraph 83 of the Complaint.

**COUNT VI**
**(AGAINST THE MIMBACH DEFENDANTS)**
**CONVERSION – STATE LAW**

112.    In response to Paragraph 112 of the Complaint, SPIRE restates its responses in the preceding paragraphs as though fully restated herein.

113.    SPIRE lacks sufficient information or belief to enable it to answer Paragraph 113 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

114.    SPIRE lacks sufficient information or belief to enable it to answer Paragraph 114 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

115.    SPIRE lacks sufficient information or belief to enable it to answer Paragraph 115 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

116.    SPIRE lacks sufficient information or belief to enable it to answer Paragraph 116 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

117.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 117 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

118.     SPIRE states that no response is required to Paragraph 83 of the Complaint.

## COUNT VII
## (AGAINST THE MIMBACH DEFENDANTS)
## FRAUDULENT TRANSFER
*Actual Fraud – 11 U.S.C. §§ 544(b), 550(a), and 551 & Minn. Stat §§ 513.44(a)(1) et. seq.*

119.     In response to Paragraph 112 of the Complaint, SPIRE restates its responses in the preceding paragraphs as though fully restated herein.

120.     In response to Paragraph 120 of the Complaint, SPIRE admits that it was and is a creditor who holds claims against Debtor.  SPIRE lacks sufficient information or belief to enable it to answer the remaining allegations contained in Paragraph 120 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

121.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 121 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

122.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 122 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

123.     SPIRE states that no response is required to Paragraph 123 of the Complaint.

## COUNT VIII
## (AGAINST THE MIMBACH DEFENDANTS)
## FRAUDULENT TRANSFER
*CONSTRUCTIVE – 11 U.S.C. §§544(b), 550(a), and 551 & Minn. Stat. §§ 513.41 et. seq.*

124.     In response to Paragraph 124 of the Complaint, SPIRE restates its responses in the preceding paragraphs as though fully restated herein.

125.     In response to Paragraph 125 of the Complaint, SPIRE admits that it was and is a creditor who holds claims against Debtor.  SPIRE lacks sufficient information or belief to enable it to answer the remaining allegations contained in Paragraph 125 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

126.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 126 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

127.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 127 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

128.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 128 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

129.     SPIRE states that no response is required to Paragraph 129 of the Complaint.

**COUNT IX**
**(AGAINST THE MIMBACH DEFENDANTS)**
**FRAUDULENT TRANSFER**
*Actual Fraud – 11 U.S.C. §§ 548(a)(1)(A), 550(a), and 551*

130.     In response to Paragraph 130 of the Complaint, SPIRE restates its responses in the preceding paragraphs as though fully restated herein.

131.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 131 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

132.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 132 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

133.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 133 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

134.     SPIRE states that no response is required to Paragraph 134 of the Complaint.

**COUNT X**
**(AGAINST THE MIMBACH DEFENDFANTS)**
**FRAUDULENT TRANSFER**
*Constructive Fraud – 11 U.S.C. §§ 548(a)(1)(B), 550(a), and 551*

135.     In response to Paragraph 135 of the Complaint, SPIRE restates its responses in the preceding paragraphs as though fully restated herein.

136.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 136 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

137.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 137 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

138.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 138 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

139.     SPIRE states that no response is required to Paragraph 139 of the Complaint.

**COUNT XI**
**(AGAINST THE MIMBACH DEFENDANTS AND**
**JOHN DOE 1-X, JANE DOE 1-X, ABC CORPORATION)**

## AVOIDANCE OF UNAUTHORIZED POST-PETITION TRANSFERS
### *11 U.S.C. §§549, 550, 551*

140.     In response to Paragraph 140 of the Complaint, SPIRE restates its responses in the preceding paragraphs as though fully restated herein.

141.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 141 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

142.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 142 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

143.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 143 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

144.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 144 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

145.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 145 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

146.     SPIRE states that no response is required to Paragraph 146 of the Complaint.

### COUNT XII
### (AGAINST DEFENDANT GMCU/SPIRE)
### SURCHARGE
### *11 U.S.C. § 506(c)*

147.    In response to Paragraph 147 of the Complaint, SPIRE restates its responses in the preceding paragraphs as though fully restated herein.

148.    SPIRE lacks sufficient information or belief to enable it to answer Paragraph 148 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

149.    In response to Paragraph 149 of the Complaint, SPIRE affirmatively states that it has an allowed claim which is secured by a valid, perfected and unavoidable security interest in the Estate Vehicles as of the Petition Date which is prior and superior to all other claims.  SPIRE denies the remaining allegations contained in Paragraph 149 of the Complaint.

150.    SPIRE states that no response is required to Paragraph 150 of the Complaint.  To the extent a response is required, SPIRE denies the same.

**COUNT XIII**
**(AGAINST THE MIMBACH DEFENDANTS)**
**INJUNCTIVE RELIEF**
*Fed.R.Bankr.P. 7065*

151.    In response to Paragraph 151 of the Complaint, SPIRE restates its responses in the preceding paragraphs as though fully restated herein.

152.    SPIRE lacks sufficient information or belief to enable it to answer Paragraph 152 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

153.    SPIRE lacks sufficient information or belief to enable it to answer Paragraph 153 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

154.   SPIRE lacks sufficient information or belief to enable it to answer Paragraph 154 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

155.   SPIRE lacks sufficient information or belief to enable it to answer Paragraph 155 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

156.   SPIRE lacks sufficient information or belief to enable it to answer Paragraph 156 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

157.   SPIRE lacks sufficient information or belief to enable it to answer Paragraph 157 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

158.   SPIRE lacks sufficient information or belief to enable it to answer Paragraph 158 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

159.   SPIRE lacks sufficient information or belief to enable it to answer Paragraph 159 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

160.   SPIRE states that no response is required to Paragraph 160 of the Complaint.

<u>AFFIRMATIVE DEFENSES</u>

As distinct and affirmative defenses to each and every purported cause of action alleged in the Complaint, and the whole thereof, SPIRE alleges as follows:

<u>FIRST AFFIRMATIVE DEFENSE</u>

161.    SPIRE is informed and believes and thereon alleges that the Complaint and each and every alleged claim for relief contained therein fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

162.    SPIRE is informed and believes and thereon alleges that the Complaint and each and every alleged cause of action contained therein is barred by the applicable statute of limitations or statute.

## THIRD AFFIRMATIVE DEFENSE

163.    SPIRE is informed and believes and thereon alleges that the Complaint and each and every alleged cause of action contained therein is barred by the Doctrine of Laches.

## FOURTH AFFIRMATIVE DEFENSE

164.    SPIRE is informed and believes and thereon alleges that the Complaint and each and every alleged cause of action contained therein is barred by the Doctrine of Waiver.

## FIFTH AFFIRMATIVE DEFENSE

165.    SPIRE is informed and believes and thereon alleges that the Complaint and each and every alleged cause of action contained therein is barred by the Doctrine of Estoppel.

## SIXTH AFFIRMATIVE DEFENSE

166.    SPIRE presently lacks sufficient information upon which to state additional affirmative defenses and therefore reserves the right to assert such additional affirmative defenses should they be warranted following completion of discovery.


WHEREFORE, SPIRE prays for judgment with respect to the Debtor's Complaint as follows:

1.      AS TO COUNT I:  for a determination that SPIRE has valid duly perfected security interest in all vehicles that are property of the bankruptcy estate and that SPIRE's security interest in prior and superior to all other interests.

2.      AS TO COUNT XII: for an order dismissing PLAINTIFF"s surcharge claim with prejudice on the merits; or, in the alternative, to surcharge any collateral only for Plaintiff's reasonable and necessary costs incurred with respect to the estate vehicles and not PLAINTIFF's various other claims against the Defendants.

3.      For such other and further relief as this Court deems just and proper.

**PFB Law, Professional Association**

Dated: January 8, 2015

 /s/ Daniel M. Duffek
Daniel M. Duffek (#388297)
*dduffek@pfb-pa.com*
Attorneys for Defendant Spire Credit
Union fka Greater Minnesota Credit
Union
55 E 5th Street, Suite 800
St. Paul, MN 55101
Ph: (651) 290-6944
Fax: (651) 228-1753

## UNITED STATE BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Von Ro Corporation,<br><br><br>Debtors. | **BKY Case No. 13-34910-GFK<br>Chapter 7** |
| Stephen J. Creasey, Trustee,<br><br>Plaintiff,<br><br>v.<br><br>Mark J. Mimbach;<br>M.J. Mimbach, Inc.;<br>Spire Credit Union fka Greater Minnesota Credit<br>Union; and<br>John Doe 1-x, Jane Doe 1-x, ABC Corporation,<br><br>Defendants. | **ADV Case No. 14-03162** |

## DECLARATION OF PROOF OF SERVICE

I, Daniel M. Duffek, employed by **PFB LAW, PROFESSIONAL ASSOCIATION**, attorneys licensed to practice in this court, with an office at Suite 800, 55 East Fifth Street, St. Paul, MN, 55101, declare that on January 8, 2015, I served the annexed Answer to Complaint by automatic e-mail notification pursuant to the Electronic Case Filing System and this notice constitutes service or notice pursuant to Local Rule 9006-1(a) AND if Non-Efile Users by mailing to each of the parties listed below a copy of each thereof, enclosed in an envelope, first class postage prepaid, and by depositing same in the post office at St. Paul, Minnesota, directed to them at their last known addresses listed below:

M.J. Mimbach, Inc.
759 Mayhew Lake Road NE
St Cloud, MN 56304

Mark J. Mimbach, Inc.
759 Mayhew Lake Road NE
St Cloud, MN 56304

And I declare under penalty of perjury, that the foregoing Unsworn Declaration for Proof of Service is true and correct.

Dated:  January 08, 2015                    Signed: /e/ Daniel M. Duffek