# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Von Ro Corporation,<br><br>               Debtor. | Ch. 7<br><br>BKY. No. 13-34910 |
| Stephen J. Creasey, Trustee.<br><br>               Plaintiff<br>vs.<br><br>Mark J. Mimbach;<br>M.J. Mimbach, Inc.;<br>Spire Credit Union f/k/a Greater Minnesota Credit Union,<br>And John Doe 1-x, Jane Doe 1-x, ABC corporation,<br><br>               Defendants. | ADV. No.14-03163 |

## NOTICE OF HEARING AND MOTION

TO:   ALL PARTIES AND ENTITIES SPECIFIED IN LOCAL RULE 9013-3.

1. Brian F. Kidwell and Kidwell Law Office will make a motion for the relief requested below and gives this notice of hearing.

2. The court will hold a hearing on this motion on February 18, 2013 at 10:30 a.m. in Courtroom 2A, at the United States Courthouse, at 316 North Robert Street, in St. Paul, Minnesota, or as soon as counsel may be heard before The Honorable Gregory F. Kishel, United States Bankruptcy Judge.

3. Any response to this motion must be filed and served by delivery or by mail not later than February 13, 2015, which is five days before the time set for the hearing

(including Saturdays, Sundays, and holidays).  UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

## MOTION FOR EXPEDITED HEARING

4. Pursuant to Local Rule 9006-1(e), the movant requests an expedited hearing on his motion. Expedited relief is appropriate because the deadline for filing an Answer to the Amended Complaint is February 23, 2015, and if the relief requested is granted Defendants Mark Mimbach and M.J. Mimbach, Inc. will need to retain other legal counsel to represent them.

## MOTION FOR DECLARATORY RELIEF

5. Pursuant to Local Bankruptcy Rule 9010-3(g)(2) "an attorney for any party in an adversary proceeding … who wishes to withdraw without a substitution of attorney shall make a motion for leave to withdraw." The movant submits that the requirement for leave of court to "withdraw" contemplates that the attorney has appeared in the case on a pleading or otherwise provided substantive services such to allow the attorney to discontinue representation of the client without a substitution of attorney might be prejudicial to the client's interests or the orderly progress of the case on the docket of the court. No such considerations apply when an attorney secures an extension of an answer deadline for a client but elects to decline the representation of the client *before* interposing any substantive pleading and *before* the deadline for filing any responsive pleading to the newly-commenced action. Such is the situation here, and the movant requests an order of the court determining that leave of the court is not required to allow the movant to cease representing Defendants Mark Mimbach and M.J. Mimbach,

Inc. in connection with this matter.

## MOTION FOR LEAVE TO WITHDRAW

6.     In the alternative, the movant requests an order of the court granting him leave to withdraw as counsel for Defendants Mark Mimbach and M.J. Mimbach, Inc. in this matter.

WHEREFORE, Brian F. Kidwell and Kidwell Law Office, moves the court for an order declaring that leave of the court is not required to allow the movant to cease representing Defendants Mark Mimbach and M.J. Mimbach, Inc. in connection with this matter or, in the alternative, for an order granting movant leave to withdraw as counsel for Defendants Mark Mimbach and M.J. Mimbach, Inc. in this matter and for such other relief as may be just and equitable.

**KIDWELL LAW OFFICE**

Dated: February 12, 2015          By    /s/   Brian F. Kidwell
                                                           Brian F. Kidwell, #0146493
                                                           Pro Se
                                                           4601 Excelsior Blvd., Suite 500
                                                           St. Louis Park, Minnesota  55416
                                                           (763) 218-0018

## VERIFICATION

Brian F. Kidwell, the movant, declares under penalty of perjury that I have read the foregoing Notice of Hearing and Motion and supporting Memorandum of Law and the facts alleged therein are true and correct to the best of my knowledge, information and belief.


                                                                       Brian F. Kidwell

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: <br><br> Von Ro Corporation, <br><br>                       Debtor. | Ch. 7 <br><br> BKY. No. 13-34910 |
| Stephen J. Creasey, Trustee. <br><br>                  Plaintiff <br> vs. <br><br> Mark J. Mimbach; <br> M.J. Mimbach, Inc.; <br> Spire Credit Union f/k/a Greater Minnesota Credit Union, <br> And John Doe 1-x, Jane Doe 1-x, ABC corporation, <br><br>                Defendants. | ADV. No.14-03163 |

**MEMORANDUM OF LAW**

Introduction

      This adversary proceeding was commenced with the filing of a Complaint and issuance of a Summons on December 10, 2014; the defendants' Answer to that Complaint was due on January 9, 2015. The movant was first contacted by Defendant Mark Mimbach on January 2, 2015, regarding the possibility of representing him and Defendant M.J. Mimbach, Inc. (the "Defendants") in defense of the claims asserted by the trustee. Pending execution of a fee agreement and conflicts waiver by the Defendants I was able to negotiate an informal extension until January 16, 2015 of the deadline to answer (while Plaintiff's counsel considered whether to amend the original Complaint to

correct errors related to attached exhibits but to add no new fact allegations or claims). As of January 12, 2015, the Defendants had each signed a fee agreement and conflicts waiver to authorize me to represent them in this adversary proceeding and it was at that time my intention and expectation that I would be doing so.

I was contacted by the attorney for Plaintiff on January 15, 2015, and he stated that he had been unable to complete review of the original Complaint to determine if an amendment was required. Because the deadline on the informal extension he had granted me to answer the Complaint expired the following day he proposed that we file a Stipulation and Order to Extend Deadline. We did so, and on this court entered an order extending the answer deadline through January 30, 2015.

Counsel for the Plaintiff subsequently determined that he wished to amend the Complaint, and the parties filed a stipulation to allow that amendment on January 28, 2015. The court's order approving that stipulation was entered on January 30, 2015, and by its terms Defendants' responsive pleadings are due twenty (20) days after the First Amended Complaint was filed. Plaintiff filed the First Amended Complaint on February 2, 2015, so the last day to timely file a responsive pleading is Monday, February 23, 2015.

In the ten days since the First Amended Complaint was filed the movant has determined that he does not wish to represent the Defendants in this matter. In addition to issues that have arisen regarding the willingness and ability of the Defendants to comply with the terms of the fee agreement reached only weeks ago it is also apparent that the Defendants have expectations about the handling of their defense that the movant believes are unrealistic and destined to create conflict with the movant and, possibly,

between the Defendants. In light of these circumstances the movant believes that the relief requested in his motion should be granted.

Argument

Although Local Bankruptcy Rule 9010-3(g)(2) undeniably provides that "an attorney for any party in an adversary proceeding … who wishes to withdraw without a substitution of attorney shall make a motion for leave to withdraw" it is not at all clear that this rule was intended to apply when an attorney elects to decline the representation of the client *before* interposing any substantive pleading and *before* the deadline for filing any responsive pleading to the newly-commenced action. The movant submits that the rule does not and should not apply in this situation, but has filed this motion out of an abundance of caution to have the court issue an order determining that the movant may withdraw from further representation of the Defendants in connection with this matter without leave of the court.

To the extent that leave is required, it is clearly within the discretion of the court to grant it. In this case the motion for leave is being filed before the deadline for filing a responsive pleading to the First Amended Complaint is even due. There is no danger of prejudice to the Defendants or risk that the orderly progress of this case on the docket of the court will be impaired if Defendants are required to find substitute counsel now, at the very commencement of this proceeding. To the contrary, requiring the continuation of representation after it has become apparent that there are serious issues between the attorney and clients related not only to the willingness and ability of the clients to pay for the legal services according to the terms of the contract that they signed but also regarding the strategy for and expectations about the defense of the case and the risk that,

because of these issues, conflicts may arise between the clients that would render the continued joint representation of the clients impossible.

## CONCLUSION

Based upon the evidence before the court and controlling law the movant's motion for expedited hearing and the relief requested in this motion should be granted.

**KIDWELL LAW OFFICE**

Dated: February 12, 2015                By____/s/___Brian F. Kidwell_____
                                        Brian F. Kidwell, #0146493
                                        Pro Se
                                        4601 Excelsior Blvd., Suite 500
                                        St. Louis Park, Minnesota  55416
                                        (763) 218-0018

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Von Ro Corporation,<br>        Debtor. | Ch. 7<br><br>BKY. No. 13-34910 |
| Stephen J. Creasey, Trustee.<br>        Plaintiff<br>   vs.<br><br>Mark J. Mimbach;<br>M.J. Mimbach, Inc.;<br>Spire Credit Union f/k/a Greater Minnesota Credit Union,<br>And John Doe 1-x, Jane Doe 1-x, ABC corporation,<br><br>        Defendants. | ADV. No.14-03163<br><br><br><br>**ORDER** |

At St. Paul, Minnesota, February 18, 2015.

This matter came before the court pursuant to the motion of Brian F. Kidwell and Kidwell Law Office for leave to withdraw as counsel for Defendants Mark J. Mimbach and M. J. Mimbach, Inc.. Appearances were as noted in the record.

Based on the file,

IT IS ORDERED:

1.    The motion for expedited hearing is granted.

2.    Brian F. Kidwell and Kidwell Law Office are granted leave to withdraw as counsel for Defendants Mark J. Mimbach and M. J. Mimbach, Inc. in this proceeding.

 

                                                             GREGORY F. KISHEL<br>
                                                             UNITED STATES BANKRUPTCY JUDGE