# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In re:

Von Ro Corporation,

        Debtor.

Ch. 7

BKY. No. 13-34910

Stephen J. Creasey, Trustee.

        Plaintiff

   vs.

Mark J. Mimbach;
M.J. Mimbach, Inc.;
Spire Credit Union f/k/a Greater Minnesota Credit Union,
And John Doe 1-x, Jane Doe 1-x, ABC corporation,

        Defendants.

ADV. No.14-03162

**NOTICE OF APPEARANCE**

The undersigned attorney hereby notifies the Court and counsel that David W. Buchin, shall appear as counsel of record for Mark J. Mimbach and M.J. Mimbach, Inc. in this case.

Dated: <u>March 13, 2015</u>                /s/ David W. Buchin
                                                David W. Buchin
                                                Attorney I.D. No. 237413
                                                816 West St. Germain, Suite 211
                                                St. Cloud, Minnesota 56301
                                                Telephone: (320) 259-7727
                                                Attorney for Mark J. Mimbach
                                                and M.J. Mimbach, Inc.

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Von Ro Corporation,<br><br>Debtor. | Chapter 7<br><br>BKY. No. 13-34910-GFK |
| Stephen J. Creasey, Trustee.<br><br>               Plaintiff<br>vs.<br>Mark J. Mimbach;<br>M.J. Mimbach, Inc.;<br>Spire Credit Union f/k/a Greater Minnesota Credit Union,<br>And John Doe 1-x, Jane Doe 1-x, ABC corporation,<br><br>               Defendants. | ADV. No.14-03162<br><br>**ANSWER AND CROSS-CLAIM OF DEFENDANTS MARK J. MIMBACH AND MJ MIMBACH, INC.** |

Defendants, Mark J. Mimbach and M.J. Mimbach, Inc., (Defendant Mimbach) as and for their Answer to Plaintiff's Complaint herein (the "Complaint"), state and allege as follows:

1. Except as admitted or qualified herein, Defendants deny each and every allegation of Plaintiff's Complaint.

2. Defendants admit the allegations of paragraphs 3, 4, 12, 13, 39, 42, 47, 51, 55 - , 59, 60, 67, 131, 154, and 155 of Plaintiff's Complaint.

3. Defendants deny the allegations of paragraphs 5, 6, 41, 68, 75 - 80, 85-88, 90-96, 98 - 101, 103, 104, 108-110, 113, 114, 116 - 118, 121 - 123, 127 – 129, 132 – 134, 137 - 139, 141-146, 157 - 160 of Plaintiff's Complaint.

2

4. No response is necessary to the allegations contained in paragraphs 7, 9, 15, 88, 147- 150 of Plaintiff's Complaint.

5. As to the allegations paragraph 10 of Plaintiff's Complaint, Matthew Mimbach has always been the CEO and sole shareholder of MJ Mimbach, Inc.

6. As to the allegations paragraph 18, Defendant Mimbach was aware Yvonne died, but do not have sufficient information on the balance of the allegations.

7. As to the allegations paragraph 19, Defendant Mimbach was aware Roger died, but does not have sufficient information on the balance of the allegations.

8. As to the allegations paragraph 21 of Plaintiff's Complaint, Defendant Mimbach is not aware of a "Park Model" a mobile home. There are two different classifications. Defendant Mimbach believes they did sell new and used.

9. As to the allegations paragraph 26 of Plaintiff's Complaint, Defendant Mimbach was aware that there was some arrangement that GMCU had security on, some inventory. However, Defendant Mimbach approached GMCU and asked them if they would allow him to purchase the inventory without any objection from them or any liability. Their response was that, "We do want you to purchase those vehicles so they can be sold and Von Ro can pay us monthly payments on what Von Ro owes. That is how we are going to get paid."

10. As to the allegations paragraph 35 of Plaintiff's Complaint, Defendant Mimbach is not aware of such list and did not see any list before receiving this lawsuit paperwork. Defendant Mimbach is aware they did monthly inventory, although Defendant Mimbach was not a part of that. The allegation says the list noted 22 vehicles and a copy of the list is noted on Exhibit A. Exhibit A only lists 14 vehicles.

11. As to the allegations paragraph 38 of Plaintiff's Complaint, around that time period, Defendant Mimbach did remove from the property units that he had paid for. Defendant Mimbach does not know the quantity; Defendant Mimbach believes there was one unit left on the property that was his.

12. As to the allegations paragraph 40 of Plaintiff's Complaint, for a significant period of time during the time the purchases were made from Von Ro, Defendant Mimbach's dealer license was under advisement but had not been cancelled and/or there was an application for dealer license under advisement to the best of his recollection.

13. As to the allegations paragraph 41 of Plaintiff's Complaint, for a significant period of time during the time the purchases were made from Von Ro, Defendant Mimbach's dealer license was under advisement but had not been cancelled and/or there was an application for dealer license under advisement to the best of his recollection.

14. As to the allegations paragraph 44 of Plaintiff's Complaint, some had dates and some did not.

15. As to the allegations paragraph 45 of Plaintiff's Complaint, there was a document that had more information on the document than what is referenced here.

16. As to the allegations paragraph 48 of Plaintiff's Complaint, Defendant Mimbach does not believe any titles were signed or given after the petition date.

17. As to the allegations paragraph 50 of Plaintiff's Complaint, that is true; however there is a series of checks that would total that amount.

18. As to the allegations paragraph 52 of Plaintiff's Complaint, the documents speak for themselves.

4

19. As to the allegations paragraph 53 of Plaintiff's Complaint, the documents speak for themselves.

20. As to the allegations paragraph 54 of Plaintiff's Complaint, the documents speak for themselves.

21. As to the allegations paragraph 59 of Plaintiff's Complaint, Defendant Mimbach did have ownership of the vehicles purchased by serial number and bill of sale by payment of the purchase price and a clear understanding of the two parties, buyer and seller, that this was a sale from Von Ro to Defendant Mimbach.

22. As to the allegations paragraph 60 of Plaintiff's Complaint, Defendant Mimbach is not a financer, but instead was a purchaser, so there was no promissory agreement because Defendant Mimbach owned it.

23. As to the allegations paragraph 61 of Plaintiff's Complaint, on all certificates of title that were involved in/transactions Von Ro signed off as a seller and Defendant Mimbach had possession of the title along with the bill of sale and the cancelled check(s) that had paid for that vehicle.

24. As to the allegations paragraph 62 of Plaintiff's Complaint, there was an application for dealer license under advisement during that time of the Petition date to the best of Defendant Mimbach's recollection.

25. As to the allegations paragraph 63 of Plaintiff's Complaint, Defendant Mimbach moved the vehicles Defendant Mimbach owned which were paid in full with the knowledge of Von Ro. Defendant Mimbach removed some during day hours and over a series of days.

26. As to the allegations paragraph 64 of Plaintiff's Complaint, the transactions went as follows, Defendant Mimbach decided to purchase a vehicle and Von Ro would have a

bill of sale, stating free of liens and all loans. Defendant Mimbach would look at the certificate of title, see there were no liens or loans on the title, and the title endorsed over from Von Ro and given to Defendant Mimbach. If not in hand it would be forthcoming and when the full purchase price was paid.

27. As to the allegations paragraph 65 of Plaintiff's Complaint, in all cases that Defendant Mimbach had possession of the title, which was signed off on by Von Ro.

28. As to the allegations paragraph 66 of Plaintiff's Complaint, the term title cards is inaccurate, there are only titles. Defendant Mimbach did not attempt to sell any vehicles whose titles or MSOs remained in the name of Von Ro's customers.

29. As to the allegations paragraph 67 of Plaintiff's Complaint, the term title cards is inaccurate, there are only titles. Defendant Mimbach did not attempt to sell any vehicles whose titles or MSOs remained in the name of Von Ro's customers. .

30. As to the allegations paragraph 68 of Plaintiff's Complaint, Defendant Mimbach submitted many documents to Plaintiff, multiple times. After Defendant Mimbach submitted the last set of documents to Plaintiff, Defendant Mimbach never heard back from Plaintiff that there were other documents he wanted.

31. As to the allegations paragraph 69 of Plaintiff's Complaint, Defendant Mimbach was aware Von Ro was having some financial issues. One of Defendant Mimbach's conversations was with Amanda at GMCU. Prior to purchasing any units from Von Ro, Defendant Mimbach learned that GMCU had some sort of financing arrangement with Von Ro. Defendant Mimbach went into GMCU's offices and talked to Amanda who told me she had the authority to make decisions on Von Ro. Defendant Mimbach told her he was interested in purchasing some units from Von Ro but wanted to make sure that there

6

would be no claim by them that they have interest in them or that they would come back later saying that Defendant Mimbach could not do that. She assured him that GMCU wanted the people to purchase units from Von Ro so Von Ro would have the funds to pay off Von Ro's debt to GMCU. Defendant Mimbach contacted her a second time in person to ask if everything that she told him before was still true and she told him it was. Based on that insurance from her, Defendant Mimbach proceeded to purchase units from Von Ro. GMCU was also well aware that Defendant Mimbach was purchasing units because when they would do inventory searches every month, Hardy would explain that this unit was purchased by Defendant Mimbach, this unit was not so they knew which units Defendant Mimbach was purchasing and the ones he was not.

32. As to the allegations paragraph 70 of Plaintiff's Complaint, there were bill of sales issued for each unit and the transactions were arm's length.

33. As to the allegations paragraph 71 of Plaintiff's Complaint, what was said in court speaks for itself.  Defendant Mimbach  was a reseller and trailer dealer. The dealer license was pending at the time of these transactions and had not been cancelled. For example Defendant Mimbach did not need a license to sell trailers less than 4,000 GUW. In addition Defendant Mimbach did not need a trailer license to sell five trailers over 4,000 GUW a year.

34. As to the allegations paragraph 72 of Plaintiff's Complaint, what was said in court speaks for itself.

35. As to the allegations paragraph 73 of Plaintiff's Complaint, what was said in court speaks for itself. The State of Minnesota agent viewed the consignment agreements Defendant Mimbach had prepared previously and indicated they were acceptable.

36. As to the allegations paragraph 74 of Plaintiff's Complaint, the State of Minnesota agent viewed the consignment agreements Defendant Mimbach had prepared previously and indicated they were acceptable.

37. As to the allegations paragraph 106 of Plaintiff's Complaint, the documents speak for themselves.

38. As to the allegations paragraph 115 of Plaintiff's Complaint, Defendant Mimbach sold vehicles that he owned.

39. As to the allegations paragraph 152 of Plaintiff's Complaint, vehicles that Defendant Mimbach owned are offered for sale.

40. As to the allegations paragraph 115 of Plaintiff's Complaint, Defendant Mimbach sold vehicles that he owned.

41. Defendants are without sufficient information to admit or deny the allegations in paragraphs 1, 2, 8, 14, 16, 17, 20, 22, 23-25, 27-34, 36, 37, 43, 46, 49, 74, 75, 80 - 84, 89, 102, 107, 109, 120, 125, 126, 136, 148-151and 156 and therefore deny same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(Failure to state a claim or cause of action)**

1. AS AND FOR A FIRST AFFIRMATIVE DEFENSE, Defendants allege that the Complaint herein fails to sufficiently constitute a cause of action against this answering defendant or fails to state facts upon which a claim can be based.

### SECOND AFFIRMATIVE DEFENSE
**(Damages claimed attributable to others)**

2. AS AND FOR A SECOND AFFIRMATIVE DEFENSE, Defendants allege that the damages suffered by Plaintiff, if any, was the result of the acts or omissions of other

parties, named and unnamed in this action, for which these answering Defendants bear no responsibility.

### THIRD AFFIRMATIVE DEFENSE
### (Damages caused by negligence of Plaintiffs)

3. AS AND FOR A THIRD AFFIRMATIVE DEFENSE, Defendants allege that the damages suffered by Plaintiff, if any, was the result of the negligence and failure to use reasonable diligence in performing the acts required of Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE
### (Laches)

4. AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff's action is barred under the equitable doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

5. AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff's' action is barred under the equitable doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE
### (Lack of proximate cause)

6. AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, Defendants allege that any alleged conduct or omission by these Defendants was not the cause in fact or proximate cause of any injury alleged by Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE
### (Recovery reduced by setoff)

7. AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, Defendants allege that any recovery must be set off or reduced, abated, or apportioned to the extent that any other party's actions caused or contributed to damages, if any there were.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Statute of limitations and/or repose)**

8. AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, Defendants allege that the Complaint and each cause of action is barred by the applicable statutes of limitations and/or repose.

**NINTH AFFIRMATIVE DEFENSE**
**(Recovery reduced or eliminated by failure to mitigate)**

9. AS AND FOR A NINTH AFFIRMATIVE DEFENSE, Defendants allege that any recovery by Plaintiff is barred by their failure to mitigate damages, or that any recovery must be reduced by those damages that Plaintiff's failed to mitigate.

**TENTH AFFIRMATIVE DEFENSE**
**(Acceptance)**

10. AS AND FOR A TENTH AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff's claims are barred because Plaintiff ratified Defendants conduct.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Accord and Satisfaction)**

11. AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff's claims may be barred based on the doctrine of accord and satisfaction.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Unclean hands)**

12. AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff's equitable claims are barred on the basis of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Waiver)

13. AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, Great Plains alleges that Plaintiffs' claims are barred because of spoliation of evidence. Further, Great Plains alleges that Plaintiffs failed to give this answering party an opportunity to investigate and observe the alleged cause(s) of the alleged damages and repairs thereof.

### RESERVATION OF DEFENSES

14. Defendants allege that because the Complaint herein is couched in conclusory terms, this answering defendant cannot fully anticipate all affirmative defenses that may be applicable to the instant action and also what additional affirmative defenses may be available after discovery has occurred. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

### CROSS CLAIM
### PRELIMINARY ALLEGATIONS

1. Cross – Defendant, Spire Credit Union fka Greater Minnesota Credit Union, ("GMCU"), is on information and belief a federally chartered credit union with its principal place of business in Mora, Minnesota.

2. Cross - Defendants John Doe I-X, Jane Doe I-X, and ABC corporation are Cross-Defendants whose identity is presently unknown to Cross –

Complainants/Defendants Mimbachs but who may be liable for the property sought to be recovered pursuant to this litigation or who may have received unauthorized post-petition transfers of property of the estate. Should these Cross-Defendants be subsequently identified, Cross – Complainants/Defendants Mimbachs will amend this Cross- Complaint.

## COUNT I
### (AGAINST DEFENDANT/CROSS DEFENDANT, SPIRE/GREATER MINNESOTA CREDIT UNION)
### CONVERSION – STATE LAW

3. Defendants Cross – Complainants Mimbachs restate the allegations in the preceding paragraphs of the Answer and Cross - Claim.

4. In September 2013, Defendant, Cross – Defendant, Spire/Greater Minnesota Credit Union/"GMCU" seized vehicles on Von Ro's lot, some of which were Defendants Cross – Complainants Mimbachs, and on information and belief that GMCU knew were owned by Cross – Complainants Mimbachs.

5. Defendant, Cross – Defendant, "GMCU" seizure of the vehicles deprived Defendants Cross – Complainants Mimbachs of their ownership interest of the vehicles.

6. Upon information and belief "GMCU" may have sold one or more of the vehicles that Defendants Cross – Complainants Mimbachs owned.

7. Defendants Cross – Complainants Mimbachs have been damaged including but not limited to the amount of the market value of the seized vehicles, attorney's fees and costs.

8. Defendants Cross – Complainants Mimbachs are also entitled to a trebling of such damages pursuant to Minn. Stat. §548.05

9. Defendants Cross – Complainants Mimbachs seek a money judgment against the GMCU for the market value of the vehicles owned by Defendants Cross – Complainants Mimbachs that GMCU sold, trebled in amount under Minn. Stat. § 548.05 and attorneys fees and costs.

## COUNT II
### (AGAINST DEFENDANT/CROSS DEFENDANT, SPIRE/GREATER MINNESOTA CREDIT UNION)
### PROMISSORY ESTOPPEL – STATE LAW

10. Defendants Cross – Complainants Mimbachs restate the allegations in the preceding paragraphs of the Answer and Cross - Claim.

11. GMCU'S promised Defendants Cross – Complainants Mimbachs, that they would not take any action against Defendants Cross – Complainants Mimbachs, if Defendants Cross – Complainants Mimbachs purchased vehicles from Von Ro and in fact GMCU encouraged Defendants Cross – Complainants Mimbachs to purchase vehicles from Von Ro.

12. GMCU expected, or reasonably should have expected, the promise to induce Defendants Cross – Complainants Mimbachs to purchase vehicles from Von Ro.

13. GMCU's promise did in fact induce Defendants Cross – Complainants Mimbachs to purchase vehicles from Von Ro and GMCU was aware Defendants Cross – Complainants Mimbachs to purchase vehicles from Von Ro and did not object or take any action against Defendants Cross – Complainants Mimbachs.

14. GMCU's promise must be enforced to avoid an injustice to Defendants Cross – Complainants Mimbachs.

13

## COUNT III

### (AGAINST /CROSS DEFENDANT, SPIRE/GREATER MINNESOTA CREDIT UNION)

### IMPLIED INDEMNITY

15. Defendants Cross – Complainants Mimbachs restate the allegations in the preceding paragraphs of the Answer and Cross - Claim.

16. A Complaint entitled was filed on or about December 10, 2014, in US Bankruptcy Court in the District of Minnesota alleging damages arising as a result of an alleged incident. That Complaint, for purposes of its allegations only and without admitting any of the allegations in it, is incorporated by reference here as though fully set forth at length.

17. Cross-Complainant is incurring and has incurred attorney's fees, court costs, investigative costs and other costs in connection with defending the above-mentioned complaint, the exact amount of which is unknown at this time. When such costs and expenses have been ascertained, Cross-Complainant will seek leave of court to amend this Cross-Complaint to set forth the true nature and amount of such costs and expenses.

18. If Cross-Complainant is held liable and responsible to plaintiff for damages and return of any vehicles as alleged in the above-mentioned Complaint, it will be solely due to the conduct of Cross-Defendants, and each of them, as here alleged. Therefore, Cross-Complainant is entitled to be indemnified by the Cross-Defendants, and each of them, should such liability arise.

19. If Cross-Complainant is held liable or responsible to the plaintiff for damages and return of any vehicles, such liability will be vicarious only and such liability will be the direct and proximate result of the active and affirmative conduct on the part of Cross-Defendants, and each of them.

20. Cross-complainant is entitled to complete indemnification by the Cross-Defendants, and each of them, for any sum or sums for which cross-complainant may be adjudicated liable to plaintiff, with costs of defense, costs of suit, and reasonable attorney's fees incurred in defending the lawsuit.

## COUNT IV
### (AGAINS T DEFENDANT/CROSS DEFENDANT, SPIRE/GREATER MINNESOTA CREDIT UNION)

### (COMPARATIVE INDEMNITY AGAINST SPIRE/GREATER MINNESOTA CREDIT UNION)

21. Cross-Complainants Mimbachs restate the allegations in the preceding paragraphs of the Answer and Cross - Claim.

22. Cross-Complainant contends that they are in no way legally responsible for the events giving rise to the Plaintiff's causes of action, or legally responsible in any other manner for the damages allegedly sustained by the plaintiff.

23. However, if as a result of the matters alleged in plaintiffs Complaint, these Cross-Complainant are held liable for all or any part of the claim or damages asserted against them by the plaintiff, Cross-Defendants, and each of them, to the extent that their fault was a proximate cause of plaintiff's damages and/or losses, are responsible for such damages and/or losses in proportion to each Cross-Defendant's comparative negligence and these Cross-Complainant are entitled to a determination of several liability.

24. By reason of the facts and circumstances set forth above, Cross-Complainant is entitled to indemnity from Cross-Defendants, and each of them for all costs, fees, expenses,

settlements and judgments paid by and incurred by Cross-Complainant in connection with the litigation.

## COUNT V
### (AGAINST DEFENDANT/CROSS DEFENDANT, SPIRE/GREATER MINNESOOTA CREDIT UNION)

### (DECLARATORY RELIEF)

25. Cross-Complainants Mimbachs restate the allegations in the preceding paragraphs of the Answer and Cross - Claim.

26. An actual controversy has arisen between Cross-Complainants and Cross-Defendants, and each of them, with respect to the rights, obligations, and duties of the parties:

   (a) Cross-Complainants contend that they are without fault, responsibility, or blame for any of the damages that the plaintiff may have suffered. These acts were committed by the Cross-Defendants and not the Cross-Complainant. Cross-complainant contends that they are entitled to indemnity from Cross-Defendants, and each of them.

   (b) Cross-complainants are informed and believe, and on the basis of such information and belief alleges, that the Cross-Defendants, and each of them contend to the contrary.

## COUNT VI
### (AGAINST DEFENDANT/CROSS DEFENDANT, SPIRE/GREATER MINNESOTA CREDIT UNION)

### (EQUITABLE INDEMNITY)

27. Cross-Complainants Mimbachs restate the allegations in the preceding paragraphs of the Answer and Cross - Claim.

16

28. Cross-complainants alleges that they are in no way legally responsible for the events giving rise to plaintiffs action and not legally responsible in any manner for the damages allegedly sustained by the plaintiff. If, contrary to the above allegations, Cross-Complainant are held to be liable for all or any part of the claim for damages asserted against Cross-Complainant by the plaintiff, then Cross-Complainant is informed and believes, and based on such information and belief alleges, that Cross-Defendants, and each of them, were negligent. Cross-complainant is informed and believes, and based on such information and belief alleges, that at this time the above-mentioned acts of the Cross-Defendants, and each of them, were the proximate cause of the damages and/or losses to the Plaintiff.

29. By reason of the facts and circumstances set forth above, Cross-Defendants, and each of them, are responsible and liable for any such damages in direct proportion to the extent of their actions in bringing about such damages. If Cross-Complainants are found to be responsible for any of the damages of the plaintiff, then Cross-Complainant is entitled to judgment over and against Cross-Defendants, and each of them, in an amount proportionate to the amount of Cross-Complainant's financial responsibility for such damages that exceed their portion of responsibility, if any.

## COUNT VII
**(AGAINST DEFENDANT/CROSS DEFENDANT, SPIRE/GREATER MINNESOTA CREDIT UNION)**

**(CONTRIBUTION)**

30. Cross-Complainants Mimbachs restate the allegations in the preceding paragraphs of the Answer and Cross - Claim.

17

31. Cross-complainants contend that they are in no way legally responsible for the damages alleged in plaintiff's Complaint. However, if as a result of the matters alleged in plaintiff's Complaint, Cross-Complainant is held liable for all or any part of plaintiff's alleged damages, Cross-Defendants, and each of them, to the extent that their fault is determined by the court, are obligated to reimburse and are liable to Cross-Complainants for all or any liability so assessed by way of contribution, and cross-complainant accordingly asserts here such right to contribution.

## COUNT VIII
**(AGAINST DEFENDANT/CROSS DEFENDANT, SPIRE/GREATER MINNESOTA CREDIT UNION)**

**(UNJUST ENRICHMENT)**

32. Cross-Complainants Mimbachs restate the allegations in the preceding paragraphs of the Answer and Cross - Claim.

33. Cross-complainants contend that a benefit was conferred by the Cross-Complainants on the Cross-Defendants, and each of them, as Cross-Defendants received all or a portion of the money Cross-Complainants paid to Von Ro for the purchase of vehicles from Von Ro. Cross-Defendants and each of them would be unjustly enriched if the Trustee is allowed to pursue its claims against Cross-Complainants for the benefit of the Cross-Defendants and each of them and/or Cross-Complainants are entitled to a setoff or judgment for the amount of money Cross-Defendants received from Von Ro as a result of the payments Cross-Complainants made to Von Ro for purchase of vehicles.

WHEREFORE, Defendants, Mark Mimbach and MJ Mimbach, Inc. pray judgment of the Court as follows:

1. Dismissing Plaintiff's pretended causes of action;

2. Awarding Defendants their costs, disbursements and reasonable attorneys' fees;

3. For such further relief as the Court deems just, equitable and proper.

WHEREFORE, Cross-Complainants, Mark Mimbach and MJ Mimbach, Inc requests judgment against Cross-Defendants as follows:

1. Granting Defendants Cross – Complainants a judgment against Cross-Defendant GMCU for the market value of the vehicles owned by Defendants Cross – Complainants Mimbachs that GMCU sold, trebled in amount under Minn. Stat. § 548.05 and attorney's fees and costs.

2. For a declaration of Cross-Complainant's rights and duties;

3. For an order of the court declaring the percentage of fault of fault, if any, between Cross-Complainant and Cross-Defendants, and each of them, for damages and losses allegedly caused to plaintiff;

4. For an order of the court awarding judgment in favor of Cross-Complainants against Cross-Defendants, and each of them, based on the relative percentage of fault of each party, including the plaintiff;

5. For an order of this court that the Cross-Complainants are entitled to be fully indemnified by Cross-Defendants, and each of them, for any and all settlements or compromises, and/or judgments entered into by Cross-Complainant as a result of this action;

6. For an order of the court awarding Cross-Complainants a setoff or judgment for the amount of money Cross-Defendants received from Von Ro as a result of the payments Cross-Complainants made to Von Ro for purchase of vehicles.

7. For attorney's fees, court costs, investigative costs, and other expenses incurred in the defense of the complaint according to proof; and

8. For such other and further relief as the court may deem just and proper.

Dated: March 13, 2015 　　　　　　　　　　　　　/s/ David W. Buchin
　　　　　　　　　　　　　　　　　　　　　　　　David W. Buchin
　　　　　　　　　　　　　　　　　　　　　　　　Attorney I.D. No. 237413
　　　　　　　　　　　　　　　　　　　　　　　　816 West St. Germain, Suite 211
　　　　　　　　　　　　　　　　　　　　　　　　St. Cloud, Minnesota 56301
　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (320) 259-7727
　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Mark J. Mimbach and M.J. Mimbach, Inc.