UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

******************************************************************************************

In re:

VON RO CORPORATION,

        Debtor.

ORDER RE: DEFECTIVE
SUBMISSION FOR PROOF
OF SERVICE OR PROOF
ON MERITS

******************************************

JOHN R. STOEBNER, TRUSTEE,

        Plaintiff,

BKY 13-34910

v.

ADV 14-3162

MARK J. MIMBACH;
M.J. MIMBACH, INC.;
SPIRE CREDIT UNION, fka
Greater Minnesota Credit Union;
and JOHN DOE 1-x, JANE DOE 1-x,
ABC CORPORATION,

        Defendants.

******************************************************************************************

At St. Paul, Minnesota
January 19, 2016.

        Through the court's Electronic Case Filing ("ECF") system, a party to this matter has submitted a document under Dkt. No. 59 that purports to be a notarized affidavit for proof of service or proof on the merits. The document, however, is presented completely in Adobe text format, with typescript-format "e-signatures" as contemplated under Loc. R. Bankr. P. (D. Minn.) 9011-4.

        As placed into this court's record, *this document is not an affidavit: there is no evidence that the purported affiant or a licensed notary public affixed their holographic signatures and a seal to any form of it*. That would be evidenced by a document presented in Adobe image format, i.e. *scanned* for a signature page, and that page then merged into the balance of the document prepared in text format.

        The document was filed by a lawyer who is a Filing User of the ECF system. That status would authorize him or a member of his staff to evidence their signatures on filed documents

using typescript-format e-signatures.  Loc. R. Bankr. P. (D. Minn.) 9011-4(b) - (c).  However, this form of signature-submission is authorized only for documents required of an attorney in the status of counsel, or for unsworn declarations under penalty of perjury--the verified document that is the functional equivalent of a statement under oath under federal law [28 U.S.C. § 1746].  A signatory presenting in the status of a notary public under state law is not authorized to use this form of signature in this court.  This is to say, the official status of notary must be evidenced as required under state law, *by the image of a stamp and a holographic signature.  So must the signature of the affiant.*

Further, for a document to constitute an unsworn declaration meeting federal statutory requirements, the declaration must expressly attest "under penalty of perjury."  There is no such language in this submission.  (This court's Local Rule 9001-1, for proof of service, contains the specific wording that would suffice to replace the recitation of an oath.)

So the filed document here is neither an affidavit or an unsworn declaration. If it is proffered for proof of any fact that must be verified to merit initial reliance for any judicial determination, *it is nothing*.

IT IS THEREFORE ORDERED:

1. The document filed under Dkt. No. 59 does not satisfy any requirement under applicable rule that its content be presented by affidavit or declaration, and will not be given the force and effect of a verified document.

2. If by *5:00 p.m. on Monday, January 18, 2016* counsel does not file an unsworn declaration in required form or an affidavit in substitution, the associated motion will be denied without prejudice, or the associated response will be stricken without prejudice.  This will be done without further notice or hearing.

BY THE COURT:

*/e/ Gregory F. Kishel*
_____
GREGORY F. KISHEL
CHIEF UNITED STATES BANKRUPTCY JUDGE